# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TERRANCE BERNARD DAVIS,

    Petitioner,

    v.                                                                                  Case No. 07-C-674

JODIE DEPPISCH
  Warden, Fox Lake Correctional Center,

    Respondent.

## **DECISION AND ORDER**

On July 23, 2007, petitioner Terrance Bernard Davis, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted of two counts of first-degree murder, two counts of carrying a concealed weapon and one count of possessing a controlled substance. On November 6, 1985, he was sentenced to a term of life imprisonment plus an additional five years, to be followed by a second term of life imprisonment plus an additional five years, to be followed by nineteen months.

The petitioner challenges the judgment of his conviction on two grounds. First, the petitioner asserts that Wis. Stat. § 973.195 is an *ex post facto law* in violation of the Constitution.[1] More specifically, the petitioner asserts that the statute effectively eliminates parole for violent offenders and, therefore, he is being denied due process. In addition, the petitioner asserts that his conviction violates double jeopardy.

---

[1] In the Rule 4 order, this court indicated that the petitioner asserted that he was denied parole because of the application of an ex post facto law in violation of the Constitution. It is now clear that the petitioner has not been denied parole because of the application of Wis. Stat. § 973.195.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

This court conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases. By order filed August 15, 2007, this court determined that "it does <u>not</u> plainly appear from the 'face of the petition' that the petitioner is <u>not</u> entitled to relief." Thus, this court ordered the respondent, Warden Jodie Deppisch of the Fox Lake Correctional Center, to file an answer, motion, or other response to the petition for a writ of habeas corpus. On October 16, 2007, the respondent filed a motion for summary judgment asserting that the petition for a writ of habeas corpus is untimely filed. Subsequently, on October 25, 2007, the petitioner filed a motion opposing summary judgment. Therefore, the motion is ready for resolution and will be addressed herein.

## **RELEVANT FACTUAL BACKGROUND**

On November 6, 1985, after a trial by jury, the petitioner was convicted of two counts of first-degree murder, two counts of carrying a concealed weapon and one count of possessing a controlled substance. Milwaukee County Circuit Court Judge Ralph G. Gorenstein sentenced the petitioner to a term of life imprisonment plus an additional five years, to be followed by a second term of life imprisonment plus an additional five years, to be followed by nineteen months.

The petitioner appealed the judgment of his conviction and sentence to the Wisconsin Court of Appeals alleging: (1) he was denied a fair trial because the presiding judge was not impartial and was biased, (2) the police had insufficient probable cause to make an arrest; (3) his arrest was illegal because it occurred outside the arresting officers' jurisdiction; (4) he was denied his Fifth Amendment rights to counsel and to remain silent; (5) that statements made to his mother and pastor should have been suppressed because they were acting on behalf of the police; (6) the trial court abused its discretion by failing to sequester the jurors during voir dire and restricting defense counsel's voir dire questions; (7) the trial court erred in applying the preliminary instruction on the credibility of the witness to him; (8) the testimony of the victims' wives should have been excluded because the prejudicial effect outweighed the probative value; and (9) the trial court erred in not allowing expert testimony regarding environmental and cultural factors affecting black males in the inner city. On September 23, 1987, the Wisconsin Court of Appeals affirmed the ruling of the trial court on all nine issues.

The petitioner filed a petition for review with the Wisconsin Supreme Court. The Wisconsin Supreme Court denied the petition for review on November 17, 1987.

On November 7, 2001, the petitioner filed a motion for postconviction relief seeking either re-sentencing or a modification of his two life sentences. Milwaukee County Circuit Court Judge Jean W. DiMotto denied the petitioner's motion, ruling that prior appellate proceedings prevent the petitioner from obtaining his requested postconviction relief.

On October 23, 2002, the Wisconsin Court of Appeals affirmed the circuit court's denial of the petitioner's motion for postconviction relief. The Wisconsin Court of Appeals found that while the petitioner was raising issues of ineffective assistance of trial counsel for the first time, the petitioner provided no justification for not raising these issues fifteen years earlier in the

direct appeal. Accordingly, the appeals court held that the trial court did not erroneously exercise its discretion in determining that the petitioner's grounds for relief were procedurally barred.

The petitioner filed a petition for review with the Wisconsin Supreme Court. The Wisconsin Supreme Court denied the petition on February 19, 2003.

On January 13, 2004, the petitioner filed a motion to modify his sentence on the ground that his attorney failed to present a psychological report during trial. This motion was denied by the circuit court and, subsequently, the petitioner filed a motion for reconsideration which was also denied. The petitioner appealed the denial of his motion to modify sentence and on January 19, 2005, the Wisconsin Court of Appeals affirmed the circuit court's decision denying the petitioner's motion. Apparently, the petitioner did not file a petition for review with the Wisconsin Supreme Court.

The petitioner also apparently filed an additional motion for postconviction relief. The Wisconsin Court of Appeals granted the petitioner's motion to voluntarily dismiss the appeal on July 3, 2007.

## **ANALYSIS**

In filing his motion for summary judgment, the respondent asserts that the petitioner's habeas corpus petition was filed after the expiration of the statutory one-year period of limitations. Additionally, the respondent maintains that the doctrine of equitable tolling is not applicable to the petitioner's case, and, therefore, the petition for a writ of habeas corpus should be dismissed.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA) which gives a state prisoner one year from the final disposition of his case to file for habeas relief.[2] See Jones v. Bertrand, 171 F.3d 499, 500 (7th Cir. 1999). When the final disposition of a state court conviction occurred before the passage of the AEDPA, a state prisoner had until April 24, 1997, one year after the passage of the AEDPA to file his petition for habeas relief. See Fernandez v. Sternes, 227 F.3d 977, 978 (7th Cir. 2000).

In this case, the final disposition of the petitioner's conviction occurred on February 16, 1988. Thus, the petitioner had until April 24, 1997, to seek federal habeas corpus relief. The petition for a writ of habeas corpus was not filed in this court until July 23, 2007, and, therefore, is untimely unless the petitioner can demonstrate a basis for the tolling of the statute of limitations.

Section 2244(d)(2) provides for the tolling of the statute of limitations for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending." 28 U.S.C. § 2244(d)(2). The petitioner did not collaterally attack his conviction in state court until he filed his Wis. Stat. § 974.06 motion on November 7, 2001. The petitioner's § 974.06 motion did not toll the time period for filing a petition for a writ of habeas corpus in federal court because it was filed after the statute of limitations expired. See Escamilla v. Jungwirth, 426 F.3d 868, 870 (7th Cir. 2005).

The petitioner maintains, however, that his Wis. Stat. § 974.06 postconviction motion constituted direct review of his case.[3] Therefore, the petitioner asserts that under 28 U.S.C.

---

[2] The time limit for the filing of habeas corpus applications is codified as 28 U.S.C. § 2244(d)(1).

[3] Presumably, the petitioner is referring to his January 13, 2004, motion to modify his sentence. However, the court's analysis remains the same regardless of which postconviction motion the petitioner is referring to.

- 5 -

§ 2244(d)(1)(A), his time to file a petition for a writ of habeas corpus did not expire until one year from the conclusion of this direct review.[4] The Court of Appeals for the Seventh Circuit recently held that a Wis. Stat. § 974.06 motion constitutes collateral review and not "direct review." Graham v. Borgen, 483 F.3d 475, 482 (7th Cir. 2007). Thus, contrary to the petitioner's assertions, his filing of a § 974.06 motion after the statute of limitations expired neither tolled the limitations period nor started it anew.

In sum, the petitioner's petition for a writ of habeas corpus is untimely and cannot be considered by this court. Accordingly, for the reasons stated herein, the respondent's motion for summary judgment will be granted.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the respondent's motion for summary judgment be and hereby is **granted**.

**IT IS FURTHER ORDERED** that this action be and hereby is **dismissed**.

**IT IS ALSO ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 9th day of April, 2008.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge

---

[4] The petitioner does not indicate on what date he believes the one-year limitations period would expire.